UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN F. ZASTROW,

    Plaintiff,

v.                                              Case No. 18-C-1236

MEGAN THESING, NANCY A. NOET,
J. STANDKE, M. MARTIN, M. SIALO-JOHNSON,
JANE/JOHN DOE, and A. SWANSON,

    Defendants.

## SCREENING ORDER

*Pro se* plaintiff Steven F. Zastro filed a civil rights complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915(a)(1). ECF Nos. 1-2. Although the events giving rise to his claim occurred when he was serving a state sentence, Zastro has since been released and therefore is not subject to the Prison Litigation Reform Act. This also means he is not subject to the restrictions of 28 U.S.C. § 1915(g), even though he has three "strikes" within the meaning of that section. The case was originally assigned to U.S. Magistrate Judge Nancy Joseph. Not all parties have had the opportunity to consent to magistrate judge jurisdiction; therefore, the case was randomly reassigned to this court for screening of the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

A federal district court can authorize commencement of an action without prepayment of the filing fee if a person submits an affidavit that includes a statement of all assets the person possesses along with a statement that the person is unable to pay such fees. 28 U.S.C. §1915(a)(1). Plaintiff

submitted an affidavit which states that he is unable to prepay the $400.00 filing fee because he only has $100.00 remaining in his bank account after paying bills each month. ECF No. 2 at 4. The court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915(a). Therefore, the court will grant his motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). To state a claim under the federal notice pleading system, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that, between May 2015 and August 2017, he was unlawfully held in custody for 172 days beyond the termination of his sentences (five Outagamie County cases and one Winnebago County case). ECF No. 1 at 2. He explains that A. Swanson, a Records Custodian at Racine Correctional Institution, "had the ability to research and apply the correct state statutes" but she did not, causing her to miscalculate his release date. *Id*. at 3. J. Standke and M. Martin are "equally responsible," according to plaintiff, because they too "had the ability to reach and apply correct Wisconsin State Statutes." *Id*. at 4. Instead, Standke and Martin simply approved

Swanson's inaccurate sentence calculation without further research. *Id*. Nancy A. Noet similarly "had the legal training as well as the legal and moral responsibility to correctly research and understand the applicable case authorities." *Id.* at 5.

Plaintiff states that he wrote to Megan Thesing "numerous times" regarding the miscalculation and his unlawful detention past his release date. *Id*. at 4. Thesing kept responding that plaintiff was incorrect in his sentence calculation and she was dismissive of his complaints. *Id*. Plaintiff later "contacted" M. Sialo-Johnson about the issue but Sialo-Johnson refused to investigate the matter or to contact the warden to gather more information on what happened. *Id*. at 5. On June 27, 2017, the Wisconsin Court of Appeals issued a decision confirming that Plaintiff's sentence calculation was erroneous. *Id*. at 6. Plaintiff was finally released on August 10, 2017. *Id*. As a result, plaintiff was held in custody for 172 days beyond the termination of his sentence.

For relief, plaintiff seeks monetary damages. *Id*. at 7.

## THE COURT'S ANALYSIS

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Incarcerating a prisoner beyond the termination of his sentence without penological justification can violate the Eighth Amendment if it is the product of deliberate indifference. *Campbell v. Peters,* 256 F.3d 695, 700 (7th Cir. 2001)(citing *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993)); *see also Werner v. Wall*, 836 F.3d 751, 760 (7th Cir. 2016) ("[W]hen confronted

3

with the failure to release a person because of an error in the computation of his sentence, we have relied on the principles of the Eighth Amendment."). The plaintiff must allege that a prison official knew that he was held beyond the termination of the sentence, that the official failed to act (or took action that was ineffectual under the circumstances), and the official's conduct caused the unjustified detention. *Moore*, 986 F.2d at 686. "An error of state law," however, does not implicate a constitutional violation on its own. *Campbell,* 256 F.3d at 700; *see also Jones v. Skalski*, No. 10-CV-766-BBC, 2012 WL 12965697, at *3 (W.D. Wis. Jan. 31, 2012), aff'd, 494 F. App'x 667 (7th Cir. 2012) ("plaintiff cannot prevail unless he shows that defendants detained him in violation of state law *and* the violation was intentional or obvious.").

Although Plaintiff has not attached a copy of the Wisconsin Court of Appeals' decision that he claims vindicated his claim that his sentence was miscalculated by the defendants, I can take judicial notice of the decision pursuant to Rule 201 of the Federal Rules of Evidence, as long as Zastrow has an opportunity to be heard. Fed. R. Evid. 201(e). In *State v. Zastrow*, Appeal No. 2015AP2182-CRA, 2017 WI App 50 (unpublished opinion), the court reversed the circuit court's denial of Zastrow's motion for post conviction relief denying him sentence credit for time in custody under a sentence previously imposed in another case in another county that was later vacated. On remand, the sentencing judge in the case from the other county changed the sentence to an imposed and stayed prison sentence and placed Zastrow on probation consecutive to his more recent cases. The sentence in the case in which Zastrow was seeking post conviction relief had been ordered to run consecutively to the sentence that was vacated. The State took the position that because only the sentence and not the underlying conviction in the earlier case was vacated, and since Zastrow was entitled to credit for the time he spent in custody on the vacated sentence toward any

4

incarceration later imposed in the event his probation was revoked, he was not entitled to credit for the same time on the sentences that had been ordered to run consecutively. The trial court apparently agreed with the defendants, but the Wisconsin Court of Appeals reversed.

From my brief review of the Court of Appeals decision, this appears to be a case about an error of law, as opposed to deliberate indifference. It also appears that Zastrow may be suing the Assistant Attorney General who briefed the case on behalf of the State, a party likely immune from liability under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409 (1976) (holding that state prosecuting attorney acting within the scope of duties in initiating and pursuing a criminal prosecution and in presenting the state's case is absolutely immune from civil suit for damages under the Civil Rights Act of 1871 for alleged deprivations of the accused's constitutional rights). Absent a more developed record than the petition, however, I am reluctant to dismiss the case on that basis at this time.

Accordingly, Plaintiff may proceed with an Eighth Amendment claim against the defendants, with the understanding that these defendants may move for dismissal for the reasons set forth above if they believe the court's preliminary analysis is correct. This will allow for a more complete record and provide Plaintiff an opportunity to object to the court's taking judicial notice of the decision of the Court of Appeals. Plaintiff will also be able to advise the court how, if at all, his complaint was not simply a disagreement about the law, as opposed to intentional actions on the part of the defendants to unconstitutionally deprive Plaintiff of his liberty, or at least deliberate indifference to the fact it was occurring.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without the prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, under an informal service agreement between the Wisconsin Department of Justice and this court, the clerk's office shall electronically send copies of plaintiff's complaint and this order to the Wisconsin Department of Justice for service on the defendants, who shall file a response to the complaint.

**IT IS ORDERED** that the parties may not begin discovery until after Magistrate Judge Joseph enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ORDERED** that this case be returned to United States Magistrate Judge Joseph for further proceedings.

**IT IS ORDERED** that plaintiff shall mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Signed in Green Bay, Wisconsin, this 22nd day of October, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court