UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN F. ZASTROW,

    Plaintiff,

v.                                                                                                       Case No. 18-C-1236

MEGAN THESING et al.,

    Defendants.

## ORDER DENYING MOTION FOR EXTENSION OF TIME AND GRANTING MOTION TO DISMISS

Pro se Plaintiff Steven F. Zastrow filed a civil rights complaint under 42 U.S.C. § 1983 alleging that he was unlawfully held in custody for 172 days beyond the termination of his sentences (five Outagamie County cases and one Winnebago County case). ECF No. 1 at 2. He complains that the records custodian at the Racine Correctional Institution and others within the administration of the Department of Corrections had the ability to research and correctly apply state statutes, but failed to do so, resulting in a miscalculation of his release date. In addition to the Department of Corrections employees, Zastrow has also sued Nancy Noet, the Assistant Attorney General who handled the case on appeal.

In the court's initial screening order, the court noted that it appeared that the case lacked merit based upon the Court of Appeals decision in Zastrow's favor. Nevertheless, because the record was incomplete at that time and the defendant had not had an opportunity to challenge the court's initial analysis, the court allowed the case to proceed. The defendants moved for dismissal and the plaintiff has already sought two extensions of time in which to respond. Rather than grant

the most recent motion for an extension of time to respond, the court has simply considered the motion to dismiss and is satisfied that its initial decision allowing the case to proceed was overly generous. In fact, it is clear that the facts of the case do not support an allegation that the plaintiff's due process rights were violated. As the court explained in the screening order:

> Incarcerating a prisoner beyond the termination of his sentence without penological justification can violate the Eighth Amendment if it is the product of deliberate indifference. *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)(*citing Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993)); *see also Werner v. Wall*, 836 F.3d 751, 760 (7th Cir. 2016) ("[W]hen confronted with the failure to release a person because of an error in the computation of his sentence, we have relied on the principles of the Eighth Amendment."). The plaintiff must allege that a prison official knew that he was held beyond the termination of the sentence, that the official failed to act (or took action that was ineffectual under the circumstances), and the official's conduct caused the unjustified detention. *Moore*, 986 F.2d at 686. "An error of state law," however, does not implicate a constitutional violation on its own. *Campbell*, 256 F.3d at 700; see also *Jones v. Skalski*, No. 10-CV-766-BBC, 2012 WL 12965697, at *3 (W.D. Wis. Jan. 31, 2012), aff'd, 494 F. App'x 667 (7th Cir. 2012) ("plaintiff cannot prevail unless he shows that defendants detained him in violation of state law and the violation was intentional or obvious.").

ECF No. 6 at 3-4. Having viewed the defendant's brief in support of their motion to dismiss, which goes into far more detail concerning the underlying legal issue, the court is satisfied that what the plaintiff is complaining of is a legal error, not the intentional denial of his constitutional rights. As the *Campbell* court noted, an error of law does not implicate a constitutional violation. This is what occurred here–an error of law and not a constitutional violation. Accordingly, the motion to dismiss is granted and the clerk is directed to enter Judgment dismissing the action on its merits with prejudice. Plaintiff's motion for an extension of time is denied as moot.

**SO ORDERED** this __21st__ day of February, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
